## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| -vs- | ) | Case Nos. CR-17-0291-F |
| | ) | CIV-20-322-F |
| BENJAMIN JOHNSON, a/k/a | ) | |
| Charlie, a/k/a Ben, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant Benjamin Johnson moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Doc. no. 413 (and memorandum at doc. no. 414). The United States responded, objecting to relief. Doc. no. 428. A reply brief was not filed.

Mr. Johnson also moves for an evidentiary hearing and for appointment of an attorney in connection with his § 2255 motion. Doc. no. 426. The government did not file a separate response to that motion, but the government's brief in response to the § 2255 motion argues no evidentiary hearing is necessary. Doc. no. 428, p. 11.[1]

Mr. Johnson's motions will be denied for the reasons stated below.

### The Issue

The § 2255 motion alleges ineffective assistance of counsel in connection with the plea agreement. In general terms, Mr. Johnson complains that his counsel, Mr.

---

[1] This order cites documents by their original (not ecf) page numbers.

Mark Henricksen, did not adequately explain the terms and consequences of the plea agreement.  Mr. Johnson contends Mr. Henricksen discussed the plea agreement with him for less than five minutes in a phone call during which Mr. Henricksen indicated that Mr. Johnson could face four years' imprisonment (four years on each of the two counts of the superseding information, to run concurrently).  Mr. Johnson contends Mr. Henricksen never indicated that he could be sentenced to eight years' imprisonment (the term which was imposed).

Background

On October 25, 2018, a superseding information charged Mr. Johnson with two counts of unlawful use of a communication facility, in violation of 21 U.S.C. §843(b).  Doc. no. 271.

Prior to the entry of his guilty plea, Mr. Johnson filled out a "Petition to Enter Plea of Guilty" (hereafter, the plea petition) in which he wrote that the maximum punishment he could face as a result of his guilty plea was "<u>4 years on each count, which can be imposed consecutively</u>; a fine of $250,000 on each count; a special assessment of $100 and a term of supervised release of not more than 1 year."  Doc. 280, p. 4, ¶19(a) (emphasis added).  On that same document, Mr. Johnson also checked the "no" box in response to the following questions:  "Has any promise been made by anyone that causes you to plead GUILTY aside from the plea agreement?" and "Has any officer, attorney or agent of any branch of government (federal, state or local) promised or predicted that you will receive a lighter sentence, or probation, or any other form of leniency if you plead GUILTY?"  *Id*., p.10, ¶¶ 40, 41(a).  In addition, Mr. Johnson checked the "yes" box in response to the following question: "Do you understand no one has any authority to make any such promise or prediction on your sentence because the matter of sentencing is exclusively within the control of the judge and no one else?"  *Id*. at ¶ 41(b).

2

At the waive and file proceeding on November 6, 2018 (hereafter, the change of plea proceeding), Mr. Johnson pled guilty to the two counts charged in the superseding information.  Doc. no. 279 (minute entry).  Prior to entering his guilty plea, the following matters were covered at that hearing, on the record, in open court.

Mr. Johnson was informed by the government that he could be sentenced to four years' imprisonment on each of the two counts and that those four-year sentences could be run consecutively, so that he could potentially face an eight-year term of imprisonment.   Specifically, the government advised Mr. Johnson as follows.

> As to each count and for each count you could face a term of imprisonment of no more than four years, an alternate fine of up to $250,000, or both such fine and term of imprisonment, a period of supervised release of not more than one year, and a $100 special assessment.
>
> You are also advised that, for purposes of this change of plea, that those two counts could be run consecutive, so that the total amount of exposure for a term of imprisonment that you could face in this case would be a total of eight years.

Tr., doc. no. 417, p. 11 (emphasis added).

Following a short additional statement by the government explaining the term of supervised release, the court then asked, "Mr. Johnson, do you understand all these possible consequences of your plea?" *Id*.  Mr. Johnson answered, "Yes, sir." *Id*.

A little later in the change of plea proceeding, the court asked Mr. Johnson, "[D]id you have [a] full opportunity to review and discuss this plea agreement with Mr. Henricksen at or before the time you signed it?"  *Id*., p. 14.  Mr. Johnson answered, "Yes, sir." *Id*.

3

The court asked, "To the very best of your knowledge, do you believe you understand the essential terms of this plea agreement?"  *Id*.  Again, Mr. Johnson answered, "Yes, sir."  *Id*.

The court also asked Mr. Johnson, "Has anyone made any promise or assurance of any kind to you, other than what was in the plea agreement, in an effort to get you to plead guilty in this case?"  *Id*.  Mr. Johnson answered, "No, sir."  *Id*.

On March 25, 2019, the court sentenced Mr. Johnson to "96 months, consisting of 48 months as to each of Counts 1(s) and 2(s),[2] such terms to be served consecutively."  Doc. nos. 368 (minute entry); 371 (judgment), 380 (amended judgment modifying surrender facility).

The eight-year term of imprisonment imposed by the court was the maximum sentence available under the statute but was below the guidelines range that would have otherwise applied.  *See*, doc. no. 352 (PSR) ¶¶ 103-04.

<u>Allegations in Support of the § 2255 Motion</u>

The § 2255 motion seeks relief for ineffective assistance of counsel based on the manner in which Mr. Henricksen purportedly handled his discussions with Mr. Johnson regarding the plea agreement.  Mr. Johnson contends as follows in ground one (the only ground for relief) of his § 2255 motion.

> Counsel had a telephone conversation with movant that lasted for less than 5 minutes during which counsel stated that he had prepared and mailed out a plea agreement to me.  Counsel instructed me to sign and mail the plea agreement back to him. Counsel stated that he had taken care of everything and that I was looking at either a five year period of supervised release or 4 years prison term with a one year period of supervised release.  Counsel

---

[2] "(s)" refers to the counts charged in the superseding information.

> never indicated to me that I will get an 8 years sentence
> with a one year period of supervised release.

Doc. no. 413, p. 5 (original, pre-printed page number) at ¶12.

Mr. Johnson's memorandum elaborates on this ground for relief, making the following statements and arguments.

-- "Movant specifically asked counsel what the terms of the plea agreement were and counsel's response was that movant will either be sentenced to a probation period of 5 years or a prison term of 4 years with a one year period of supervised release."  Doc. no. 414, p. 1.

-- "Movant's expressed understanding and beliefs on signing the plea agreement was that movant will either serve a probation period of 5 years or a 4 year prison sentence and a one year period of supervised release for each of the 2 counts to run concurrently."  *Id.*

-- "Counsel because of the paucity of contact with movant misrepresented the concurrency of the prison term with its consecutiveness in a less than 5 minutes telephone call which resulted in substantial prejudice to movant."  *Id.*, p. 2.

-- "[C]ounsel never bothered to sit movant down and explain the terms of the agreement to movant and also counsel never asked movant if movant understood the terms of the plea agreement."  *Id.*

-- "Had movant known that … he was to face a 96 months sentence after substantial assistance to the Government,[3] movant would have taken his chances by proceeding to trial by jury."  *Id.*, p. 2.

---

[3] It is of no moment here, but the court notes the government's statement that it has no record of Mr. Johnson providing any assistance.  Doc. no. 428, p. 6, n.3.

-- "At the core of this claim of ineffective assistance of counsel, is that counsel presented a procedure as sensitive as a plea agreement in a less than 5 minutes phone call. Counsel invariably collaborated with the prosecutor to railroad movant into signing a plea agreement, the terms of which were never explained to the movant." *Id*.

-- Mr. Johnson "was not a knowing party to the plea agreement which his counsel entered with the Government which renders the plea agreement involuntary and invalid." *Id*., p. 3.

-- "This Court should find that counsel's 'explanation' of a plea agreement in a less than 5 minute phone call was a substantial departure from the standard expected of an average attorney in a similar circumstances and that movant was prejudiced by counsel's ineffectiveness." *Id*.

Ineffective Assistance

"Ineffective assistance of counsel requires two showings: (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" United States v. Deiter, 890 F.3d 1203, 1209 (10th Cir. 2018), quoting Strickland v. Washington, 466 U.S. 668, 687 (1985). Because a defendant must establish both prongs, a reviewing court need not analyze both (although the court does so here). Strickland, 466 U.S. at 697.

"To establish deficient performance, a defendant must show 'counsel's representation fell below an objective standard of reasonableness.'" Deiter at 1209, quoting Strickland at 688. Courts "assess the reasonableness of counsel's performance in light of 'the facts of the particular case, viewed as of the time of counsel's conduct.'" *Id.*, quoting Strickland at 690. This "review is 'highly deferential,' because 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment.'" *Id.*, quoting <u>Strickland</u> at 689–90.  Counsel's performance "must have been completely unreasonable, not merely wrong." <u>Hooks v. Workman</u>, 606 F.3d 715, 723 (10th Cir. 2010).

"To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Deiter</u>, 890 F.3d at 1209, quoting <u>Strickland</u>, 466 U.S. at 694. "The focus of the inquiry is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.'" *Id.*, quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 372 (1993).

<u>Discussion</u>

The allegations presented by Mr. Johnson as support for his claim of ineffective assistance are flatly contradicted by his sworn statements made to the court during the change of plea proceeding.  At that time, Mr. Johnson swore that he had had a full opportunity to discuss the plea agreement with his counsel and that he believed he had a full understanding of its essential terms; he swore that he understood the government's statement, made to him in court that day, that he could be sentenced to eight years' total imprisonment; and he swore that no promises or assurances of any kind (which would necessarily include any assurance of a four-year sentence by his counsel) had been given to him.

Solemn declarations in open court carry a strong presumption of verity. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).  A subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.  *Id*.  The truth and accuracy of a defendant's statements to the court should be regarded as conclusive in the absence of a believable, valid reason justifying a departure. <u>Hedman v. United States</u>, 527 F.2d 20, 22 (10th Cir. 1975).  Moreover, a court is not

required to conduct an evidentiary hearing when a petitioner's allegations merely contradict his earlier sworn statements to the court. *Id*. at 21. *And see*, <u>United States v. Weeks</u>, 653 F.3d 1188, 1205 (10th Cir. 2011) (summarizing legal principles concerning whether an evidentiary hearing must be held).

On this record, Mr. Johnson's contentions are, to quote <u>Blackledge</u>, *supra*, "wholly incredible."  In addition, nothing Mr. Johnson has presented or argued suggests a valid reason which would justify departing from the general principle that an evidentiary hearing is not required when the defendant's allegations merely contradict his earlier sworn statements to the court. *See*, <u>Hedman</u>, *supra*.  Moreover, while Mr. Henricksen's affidavit (submitted by the government) is not necessary to the court's conclusions given Mr. Johnson's sworn statements made in open court, that affidavit (doc. no. 428-2) is quite detailed and lends further support to Mr. Johnson's statements made to the court at the change of plea proceeding.  In particular (although, again, the record of Mr. Johnson's own statements to the court easily suffices to compel the result reached here), the court notes paragraph 2 of Mr. Henricksen's affidavit, where Mr. Henricksen, a highly experienced and respected member of the bar of this court, credibly states, in substance, that he informed Mr. Johnson that the only limitation on the sentence to be imposed was the maximum sentence permitted by law, *viz.*, eight years of incarceration.  It is difficult to conceive that a conversation to that effect would *not* have taken place between Mr. Henricksen and Mr. Johnson.  Regardless, a conversation to that effect *did* take place when the court took Mr. Johnson's plea.

Mr. Johnson has not carried his burden to show ineffective assistance of counsel in connection with the plea agreement.  Accordingly, Mr. Johnson's motion fails at the first prong of the <u>Strickland</u> analysis.

Moving on to the second prong, even if the court were to presume for purposes of argument only that Mr. Johnson's version of Mr. Henricksen's conduct is correct, Mr. Johnson still would not have shown prejudice. Prior to accepting Mr. Johnson's guilty plea, the nature of the plea agreement and its consequences were carefully and accurately explained to Mr. Johnson at the change of plea proceeding, including the fact that Mr. Johnson faced the possibility of an eight-year term of imprisonment. Thus, even if Mr. Henricksen's discussions of the plea agreement were inadequate (a finding the court does not make), there was no prejudice because any inadequacies were corrected at the change of plea proceeding.

Mr. Johnson has not carried his burden to establish prejudice as a result of the alleged ineffective assistance of counsel. Thus, Mr. Johnson's motion fails at the second prong of the Strickland analysis.

A successful motion requires Mr. Johnson to meet his burden with respect to both prongs. He has satisfied neither, and his motion will be denied.

As the record conclusively shows that Mr. Johnson is not entitled to relief, there is no reason for an evidentiary hearing and no reason to appoint counsel for Mr. Johnson. The court also rejects Mr. Johnson's requests for a hearing and for appointment of counsel based on his contention that the government failed to timely respond to his §2255 motion. The government's response was timely based on an extension. Mr. Johnson argues the government did not inform him when it sought a waiver of the attorney-client privilege, but that contention also has not been established.[4] Moreover, when a movant claims ineffective assistance of counsel, the movant impliedly waives attorney-client privilege with respect to communications

---

[4] The government has advised the court that no mail from the government to Mr. Johnson has been returned as undeliverable or otherwise, and that it has a receipt showing a copy of the government's motion for an order finding the privilege had been waived was delivered to the correct facility.

with his attorney that are necessary to prove or disprove his claim.  United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009).  In short, the court rejects all of Mr. Johnson's arguments for an evidentiary hearing and appointment of counsel.

Conclusion

After careful consideration, Mr. Johnson's motion for relief under § 2255 is **DENIED**.  Doc. nos. 413, 414 (memorandum).  Mr. Johnson's motion seeking an evidentiary hearing and appointment of counsel is also **DENIED**.  Doc. no. 426.

Jurists of reason would not find it debatable as to whether a constitutional violation occurred.  *See*, United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009).  Accordingly, Mr. Johnson has not made the requisite showing for a certificate of appealability, and a COA is **DENIED**.

IT IS SO ORDERED this 3rd day of September, 2020.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

17-0291p087 (Johnson).docx